IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS J. DORN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 19-1627-RGA |
| | : | |
| JEFFERSON COUNTY COURT and | : | |
| CITY OF DENVER, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

1.  **Background**.  Plaintiff Thomas J. Dorn, who appears *pro se* and has paid the filing fee, filed this action on August 30, 2019.  (D.I. 2).  In the Complaint, Dorn provides a Roebling, New Jersey address.[1]  (*Id.* at 2).  The two Defendants are governmental entities in Colorado:  the City of Denver, Colorado, and Jefferson County Court in Golden, Colorado.  (*Id.*).  The Complaint states that venue is proper in this District because "it invokes a [personal] injury and civil right and [constitutional] violations we can transfer to the District of Denver if necessary."  (*Id.* at 4).

2.  The places of occurrence are alleged to be Denver and Jefferson County. (*Id.*).  Plaintiff alleges that he was attacked on Colfax Avenue in Denver.  (*Id.* at 4). Plaintiff also refers to money that was repeatedly stolen from his account "while living in Colorado."  (D.I. 2-1 at 1).  Plaintiff also refers to a Colorado restraining order and "a virtual restraining order placed on him from New York to Austin."  (*Id.*).  Both Defendants have filed motions to dismiss.  (D.I. 10, 18).  Plaintiff has filed numerous motions, including a motion to change venue.  (D.I. 6, 16, 25, 29, 33, 35, 38, 40, 44).

---

[1] A December 2019 filing indicates that Plaintiff's "current address" changed to

1

2. **Discussion**. Plaintiff asserts jurisdiction by reason of a federal question and diversity of the parties pursuant to 28 U.S.C. §§ 1331 and 1332. At the time Plaintiff commenced this action he provided a New Jersey address. Both Defendants are located in Colorado. The Complaint alleges constitutional violations, cruel and unusual punishment, and personal injury. At the outset, and with regard to venue, the Complaint states, "we can transfer to the District of Denver if necessary." (D.I. 2 at 4). In its motion to dismiss, and, as an alternative to dismissal, the City of Denver asks the Court to transfer the case to its proper forum, the District of Colorado. (D.I. 10 at 7). Plaintiff's one page motion to change venue states that he wishes to change the venue to the United States District Court of Denver. (D.I. 35).

3. **Transfer**. A civil action may properly be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

4. It is evident that none of the events or omissions giving rise to Plaintiff's claims occurred in Delaware. They occurred in Colorado. The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the

---

Pittsburgh, Pennsylvania. (D.I. 25).

action to the United States District Court for the District of Colorado, where it appears all events took place and where both Defendants are located.[2]

      5.      Accordingly, the Clerk of Court will be directed to transfer this action to the United States District Court for the District of Colorado.

      6.      **Conclusion**.  For the above reasons, the Court will:  (1) grant the City of Denver's motion in the alternative to transfer this matter and dismiss the motion to dismiss without prejudice to renew in all other respects (D.I. 10); (2) grant Plaintiff's motion to change venue (D.I. 35); (3) dismiss without prejudice to renew all other motions filed by the parties (D.I. 6, 16, 18, 25, 29, 33, 38, 40, 44); and (4) direct the Clerk of Court to transfer the action to the United States District Court for the District of Colorado.  A separate order shall issue.

                                                                     /s/ Richard G. Andrews  
                                                                   UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2020  
Wilmington, Delaware

---

[2] The Court does not address the merits of the Complaint or motions to dismiss. The Court also considers the District of Colorado's familiarity with applicable state law favors transferring this case.